

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2009

# Gregory Brown v. W. Victor

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3899

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Gregory Brown v. W. Victor" (2009). *2009 Decisions*. Paper 1027.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1027

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-223                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3899
_____

GREGORY GARRETT BROWN,
                                             Appellant

v.

W. VICTOR, Inmate FK-7293; TERRENCE POLE, Inmate -Cell 1014-On GD -Quad;
PHILIP QUINN, Inmate-Cell-1009- On GD Quad; MR. GREEN, Inmate-Cell-1010 on
GD Quad- Moved to observation on or around June 4, 2008; MR. HOUSLEY, Inmate-
Cell-2016- On GD Quad; JOHN DOE, Inmate-Cell-1003-ON GD Quad; JOHN DOE,
Inmate-Cell-2001-On GD Quad; H. ANDREWS, Inmate-Cell-2005-On GD Quad

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-08-01178)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and IOP. 10.6
June 18, 2009

Before:        MCKEE, FISHER and CHAGARES, Circuit Judges

(filed: July 10, 2009 )

_____

OPINION

_____

PER CURIAM

Gregory Garrett Brown appeals from the District Court's dismissal of his civil complaint. For the following reasons, we will dismiss this appeal. See 28 U.S.C. § 1915(e)(2)(B)(i).

In June 2008, Brown, an inmate currently incarcerated at SCI-Huntingdon, filed a pro se complaint alleging that guards at that institution ordered other inmates to verbally abuse him in order to induce him to commit suicide. Brown alleged that the defendants' actions violated the Convention Against Torture ("CAT"). Brown also appeared to allege a violation of the Eighth Amendment's proscription against cruel and unusual punishment. Upon the recommendation of the Magistrate Judge, and over Brown's objections, the District Court dismissed the complaint for failure to state a claim. Brown filed a timely notice of appeal from that order.

We have jurisdiction pursuant to 28 U.S.C. § 1291. An appeal must be dismissed under 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The District Court correctly determined that the CAT is not self-executing, and, therefore, does not create judicially-enforceable rights unless it is first given effect by implementing legislation. Auguste v. Ridge, 395 F.3d 123, 132 n.7 (3d Cir. 2005). Brown, however, does not point to legislation which would provide him with a cause of action and cannot do so inasmuch as the domestic laws implementing the treaty do not

2

provide civil redress for torture within the United States.  See Renkel v. United States, 456 F.3d 640, 644-45 (6th Cir. 2006).  To the extent that Brown alleged that the inmates' actions constituted cruel and unusual punishment, that claim is meritless as verbal abuse alone cannot be the basis for an Eighth Amendment claim.  See DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000).  Finally, the District Court properly dismissed the complaint without giving Brown an opportunity to amend since allowing Brown to amend his complaint would have been futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In sum, because Brown's appeal lacks arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).